THE PEOPLE, *ex rel.* Ebenezer B. Waldron, *vs.* DANIEL A. CARPENTER, sheriff, &c. and SIMEON A. BENTON.

Where the summons was for money, only, and the complaint followed the summons, claiming to recover the value of two promissory notes taken by the defendant from the wife of the plaintiff; and there was no allegation that the notes were taken illegally, wrongfully or improperly, nor that they had been wrongfully converted or detained; *Held* that the action was not an action for a tort, so as to authorize an execution to be issued against the body, on a judgment for costs upon a dismissal of the complaint.

The obtaining and issuing of an order of arrest will not have the effect to fix the character of the action, unless the order is *served* upon the defendant.

A remedy does not attach to a contract, or a right, but may be repealed or modified. And a statute altering the remedy given by a former statute simply changes the mode in which a contract, or a right, may be enforced.

Where the return to a writ of *habeas corpus* shows a regular execution issued upon the judgment of a competent tribunal, and such return is not traversed or denied in the manner required by law, (3 *R. S. 5th ed.* 889, § 64,) evidence to contradict the return is, nevertheless, admissible if no objection is made, at the time, that no traverse has been interposed.

And if such evidence is offered, and considered by the judge, and his decision has been rendered thereon, without objection, it will be too late for the defendant to raise the objection on a certiorari to review the proceedings before the judge.

THE petition in this case shows that Waldron sued Benton in an action for the recovery of money only, under subdivision 1, section 129 of the Code. The complaint was for the value of two promissory notes taken by the defendant from the wife of the plaintiff. It is alleged in the points of the attorney for Benton, that an order of arrest was procured by Waldron in that action, though there is no evidence in the return which warrants such assertion. Upon the dismissal of the complaint, Benton recovered judgment against Waldron for $141.83 costs. Upon this judgment an execution against property was issued and returned unsatisfied. Afterwards an execution against the body of Waldron was issued; he was arrested, and discharged upon paying or securing to Benton's attorney $60 ; and the execution was returned satisfied, by direction of Benton's attorney. Upon the claim that this satisfaction was obtained by fraud, and without procuring it to be canceled, a new execution for the balance was issued against Waldron's body, and he was imprisoned thereon.

A writ of *habeas corpus* was obtained, to inquire into the legality of such imprisonment. The sheriff's return showed a regular execution issued upon the judgment of a competent tribunal. Such return was not traversed or denied, in the manner required by law. (3 *R. S. 5th ed.* 889, § 64.) Upon the hearing before the county judge of Chenango county, upon the petition and return, Waldron was discharged from custody under such execution. The proceeding is brought into this court by Benton, by writ of certiorari.

*E. H. Risley*, for Benton.

*Isaac S. Newton*, for Waldron.

*By the Court,* BOARDMAN, J.   Waiving the question whether the new execution could be regularly issued without first canceling the satisfaction already entered, let us consider whether the judgment in itself authorized an execution against the body.   The action was not in form for a tort. The summons is for money, only.   The complaint follows the summons, and asks for money only — the value of the notes taken.   The demand made by the plaintiff was not for the notes, but for their value.   There is no allegation that the notes were taken illegally, wrongfully or improperly, nor that they had been wrongfully converted or detained.   (*Code,* § 179.)   It was not, then, an action for a tort.

But it is claimed that an order of arrest was obtained and issued, and thus the character of the action was fixed.   It would be sufficient to say that no such fact appears in the return.   But if it were true, it is not claimed that such order was ever served or the defendant arrested.   The Code, (§ 288) provides that no execution against the body shall issue "unless an order of arrest has been *served*," or unless the complaint contains a statement of facts showing a cause of arrest under section 179.   We have seen that neither of these conditions are fulfilled.

The counsel for Benton insists that the right to arrest existed prior to the amendment of section 288 in 1862; that such right became then vested, and that subsequent legislation could not destroy or take it away.   But the counsel confuses rights and remedies.   A remedy does not attach to a contract, or a right, but may be repealed or modified.   It simply changes the mode in which a contract or a right may be enforced.   (*Morse* v. *Goold,* 11 *N. Y. Rep.* 281.)

The final question remains ; was it necessary for Waldron to traverse the sheriff's return before the proof was admissible to contradict it.   The evidence was admitted without objection as to its character.   The objection was leveled at the right of the judge to go back of the execution.   No objection was made that no traverse was interposed, and therefore the

return was conclusive, and could not be contradicted.    It was a technical irregularity which could and would have been immediately obviated if the objection had been made.    The evidence was record evidence, and conclusive in its character. The evidence having then been offered and considered by the judge, and his decision rendered thereon without objection, it is now too late for the defendant to raise the objection.

The order of the county judge of Chenango should be affirmed, with costs.

[BROOME GENERAL TERM, July 10, 1866.    *Parker, Mason, Balcom* and *Boardman*, Justices.]